No. 25-4164

UNITED STATES COURT OF APPEALS FOR
THE NINTH CIRCUIT

VALOR SYSTEMS, INC.,  MICHAEL MAI,

*Plaintiffs-Appellants*,

*v.*

TRANSX SYSTEMS, INC.,  HUNG TRAN,

*Defendants-Appellees.*

On Appeal from the United States District Court
For the Central District of California
Case No. 5:24-cv-00354-JGB-SHK
The Honorable  Jesse G. Bernal

APPELLANTS' OPENING BRIEF

Mario Iskander
Justice Law Group
304 ½ Main Street
Newport Beach, CA  92661
Tel. (240) 439-1970
Email: mario@iskanderlaw.com
*Attorney for Plaintiffs-Appellants*

## CORPORATE DISCLOSURE STATEMENT

There are no parent corporations/entities or publicly held companies that own 10% or more of the stock of any of the Plaintiffs/Appellants.

Dated: July 29, 2025                    Respectfully Submitted


By:     */s/ Mario Iskander*_____
        Mario Iskander, Attorney
        for Appellants

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I | INTRODUCTION | 1 |
| II | JURISDICTIONAL STATEMENT | 2 |
| III | STATEMENT OF ISSUES | 3 |
| IV | STATEMENT OF THE CASE | 4 |
| | A. The Underlying Securities Fraud | 4 |
| | B. Procedural History Leading to Dismissal | 5 |
| | C. Appellants' Motion for Relief and Its Denial | 6 |
| V | SUMMARY OF ARGUMENT | 7 |
| VI | STANDARD OF REVIEW | 8 |
| VII | ARGUMENT | 8 |
| | A. The District Court Abused Its Discretion by Denying the Rule 60(b)(1) Motion Without Applying the Correct Legal Standard | 8 |
| | 1. Failure to Apply the Pioneer/Briones Four-Factor Test Is Reversible Error Per Se | 9 |
| | 2. A Proper Application of the Pioneer Factors Mandates Relief | 10 |
| | a. The Reason for the Delay—A Month-Long Trial and a Family Emergency—Constitutes Excusable Neglect | 10 |

|  |  | b. | Appellees Suffered No Prejudice from the Minimal Delay | 11 |
|  |  | c. | The Length of the Delay and Its Impact on Proceedings Were Minimal | 12 |
|  |  | d. | Appellants' Counsel Acted in Good Faith | 12 |
|  | B. |  | The District Court Abused Its Discretion by Dismissing the Action Without Providing Notice or Considering Lesser Sanctions | 15 |
|  |  | 1. | Dismissal With Prejudice Is an Extreme Sanction Reserved for the Most Egregious Cases | 15 |
|  |  | 2. | The District Court Failed to Provide the Required Warning Before Dismissal | 16 |
|  |  | 3. | The Court Failed to First Impose or Even Consider Lesser Sanctions | 16 |
|  | C. |  | Strong Public Policy Favors Adjudication on the Merits | 16 |
| VIII |  |  | CONCLUSION | 17 |

# TABLE OF AUTHORITIES

## Cases

*Ahanchian v. Xenon Pictures*,
    624 F.3d 1253 (9th Cir. 2010) ..................................................... 10, 17

*Andrews v Pincay*
    389 F.3d 853 (9th Cir. 2004)……………………………………………….12

*Bateman v. U.S. Postal Service*,
    231 F.3d 1220 (9th Cir. 2000)……………………………………..7, 9-12

*Briones v. Riviera Hotel & Casino*,
    116 F.3d 379 (9th Cir. 1997) …………………………………3, 7, 9, 13-15

*Casey v. Albertson's Inc.*,
    362 F.3d 1254 (9th Cir. 2004) ………………………………………………2

*Eitel v. McCool*,
    782 F.2d 1470 (9th Cir. 1986) ……………………………………………17

*Falk v. Allen*,
    739 F.2d 461 (9th Cir. 1984) ……………………………………………13

*Ferdik v. Bonzelet*,
    963 F.2d 1258 (9th Cir. 1992) …………………………………..………16

*Hearns v. San Bernardino Police Dep't*,
    530 F.3d 1124 (9th Cir. 2008) ……………………………………………8

*Lal v. State*,

      610 F.3d 518 (9th Cir. 2010) …………………………………………  8


*Lemoge v. United States*,

      587 F.3d 1188 (9th Cir. 2009) ………………………………………13-15


*Pioneer Investment Services Co. v. Brunswick*,

      507 U.S. 380 (1993) ………………………………………… 3, 7, 9, 10, 13-15


*Thompson v. Housing Auth. of Los Angeles*

      782 F.2d 829 , (9th Cir. 1986) ………………………………………2, 16


**Statutes**

28 U.S.C. § 1291……………………………………………………………2
28 U.S.C. § 1331……………………………………………………………2

**Rules**

Fed. R. Civ. P. 41(b) …………………………………………………3, 7, 8, 10, 15
Fed. R. Civ. P. 60(b) …………………………………………………...…in passim

vi

## I. INTRODUCTION

This appeal arises from a manifest injustice: the termination of a meritorious $406,000 securities fraud case not on its merits, but due to a solo practitioner's excusable oversight during an overwhelming period of professional and personal crisis. The district court dismissed the entire action with prejudice for failure to file a single procedural document—the Joint Rule 26(f) Report. It did so without warning that such a drastic sanction was under consideration and without attempting any lesser sanction.

The court then compounded this error by denying Appellants' motion for relief under Federal Rule of Civil Procedure 60(b)(1). In doing so, it ignored the compelling and documented reasons for the delay: Appellants' counsel was consumed by a month-long jury trial that began just before the holidays and concluded in mid-February 2025, followed immediately by an urgent family emergency  requiring travel to Egypt.

The underlying lawsuit presents a classic case of securities fraud. Appellees solicited and received a $406,000 from Appellants for a music festival investment based on the primary representation that they held lucrative livestreaming rights for a concert headlined by international star Burna Boy. This was false. Appellees knew, before the investment was made, that the artist had expressly refused to permit his performance to be broadcast.

This Court has repeatedly held that dismissal with prejudice is "the most severe

1

penalty" and must be reserved for "extreme circumstances." *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). The Court has also established that Rule 60(b)(1) motions require a careful, equitable balancing of four factors. The district court failed on all counts dismissing the case without notice, imposing the ultimate sanction for a minor procedural delay, and then refusing to grant relief by applying the wrong legal test while ignoring this Court's clear precedent.

Reversal is required to correct these errors and allow a case involving significant fraud to be decided on its merits, not on a procedural default caused by excusable neglect.

## II. JURISDICTIONAL STATEMENT

The district court had subject matter jurisdiction over Appellants' federal securities claims pursuant to 28 U.S.C. § 1331. This Court has jurisdiction over the appeal from the denial of the Rule 60(b) motion under 28 U.S.C. § 1291, as it constitutes a final, appealable order. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1259 (9th Cir. 2004).

The order denying Rule 60(b) relief was entered on June 11, 2025, and the Notice of Appeal was timely filed on July 3, 2025.

## III. STATEMENT OF ISSUES

1. Whether the district court committed reversible error by denying Appellants' Rule 60(b)(1) motion without applying the mandatory four-factor equitable balancing test from *Pioneer Investment Services Co. v. Brunswick*, 507 U.S. 380 (1993), and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997).

2. Whether the district court abused its discretion in finding counsel's neglect "inexcusable" when it was caused by intensive engagement in a month-long jury trial immediately followed by a documented family emergency requiring international travel.

3. Whether the district court abused its discretion by dismissing the action with prejudice under Rule 41(b) without providing warning that dismissal was contemplated or attempting lesser, non-terminating sanctions.

4. Whether a 34-day delay in filing a Rule 60(b)(1) motion is unreasonable, particularly when counsel was returning from overseas and discovery had not commenced.

5. Whether public policy, which strongly favors resolving cases on their merits, must outweigh docket management concerns where meritorious securities fraud claims totaling $406,000 would be extinguished.

## IV. STATEMENT OF THE CASE

### A. The Underlying Securities Fraud

This case involves a straightforward investment fraud scheme perpetrated by Appellees TransX Systems, Inc., and its principal, Hung Tran. In late 2023, Appellees induced Appellants Valor Systems, Inc. and Michael Mai to invest $406,000 in a co-promotion of the Spilligate Music Festival, held in Nassau, Bahamas, on February 17, 2024. [ER 74-77]

The central representation securing the investment was that Appellees possessed exclusive rights to livestream the festival's headline performance by the globally recognized music artist, Burna Boy. [ER 74] The projected revenue from these livestreaming rights was the cornerstone of the investment's profitability; ticket sales alone were expected to barely cover the event's expenses. [ER 75]

This representation was materially false. Unbeknownst to Appellants, Burna Boy's representatives had already informed the organizers, prior to Appellants' October 2023 investment, that the artist would not consent to having his performance broadcast. [ER 74] Because Burna Boy was the only artist with international stature to generate significant streaming revenue, this refusal rendered the investment's primary profit engine nonexistent. [ER 77-78]  After the concert, Appellees claimed the venture resulted in a total loss and returned none of Appellants' $406,000 investment, obtained through these material and fraudulent misrepresentations. [ER 85]

4

### B. Procedural History Leading to Dismissal

Appellants filed their complaint on February 13, 2024, asserting claims for securities fraud, sale of unregistered securities, common law fraud, and breach of contract. [ER 131] Following motion practice, the operative Second Amended Complaint was filed on November 21, 2024, with Appellees answering on December 18, 2024. [ER 71]

On October 3, 2024, the district court issued a detailed Scheduling Order setting a scheduling conference for January 6, 2025.  [ER 123]The order required the parties to file a Joint Rule 26(f) Report no later than 14 days before the conference, making the report due December 23, 2024. [ER 124]

The deadline passed without filing. On the morning of the scheduled conference, January 6, 2025, the court issued a minute order continuing the conference to February 3, 2025. The order stated only: "Counsel are ordered to review and comply with the ORDER SETTING SCHEDULING CONFERENCE." [ER 174, Dkt #43] The order contained no warning of potential dismissal, no order to show cause, and no mention of sanctions.

On January 31, 2025, with no further communication, the district court summarily dismissed the entire action with prejudice via an emailed order, citing "failure to prosecute and failure to follow the Court's orders."  [ER 55-56, 174, Dkt

5

#44] At the time of dismissal, Appellants' counsel had already been engaged in a jury trial for 18 days. [ER 38]

### C. Appellants' Motion for Relief and Its Denial

On March 6, 2025, 34 days after dismissal, Appellants filed a Motion to Set Aside the Dismissal Order pursuant to Federal Rule of Civil Procedure 60(b)(1). [ER 51]The motion was supported by detailed declaration explaining that counsel, a solo practitioner, was engaged in a demanding civil jury trial, *Carmell v. Haywood, et al.*, in San Bernardino Superior Court from January 13 through February 14, 2025. Immediately upon the trial's conclusion, he was required to travel to Cairo, Egypt, for a family emergency. [ER 38]

Significantly, Appellees' opposition confirmed that the failure to file the report was not due to a complete lack of diligence. Appellees' counsel admitted to conferring with Appellants' counsel on December 2, 2024, about the report and acknowledged that "most of the witnesses and documents relevant to the case had already been identified." [ER 21] The only outstanding issue was that "Plaintiffs' counsel never sent a draft of the Report for Defendants to review." [ER 21]

On June 11, 2025, (after continuing the hearing three times) the district court denied the motion in advance of the continued hearing date by minute order without holding a hearing. [ER 3, 174] The court found counsel's neglect inexcusable and

6

deemed the 34-day delay in seeking relief unreasonable. [ER 5] The court's order made no mention of the four-factor equitable test required by Ninth Circuit precedent for Rule 60(b)(1) motions, instead focusing on principles related to Rule 41(b) dismissals. [ER 3-6]

## V. SUMMARY OF ARGUMENT

The district court committed multiple, independent, and reversible errors.

**First**, the denial of the Rule 60(b)(1) motion was a clear abuse of discretion because the district court failed to apply the correct legal standard. Ninth Circuit law is unequivocal: a court *must* analyze the four equitable factors set forth in *Pioneer* and *Briones*—(1) prejudice to the opposing party, (2) length of delay, (3) reason for delay, and (4) the movant's good faith. The district court's failure to conduct this analysis is in itself an abuse of discretion.

**Second**, the proper application of the *Pioneer* factors compels the finding of excusable neglect. Counsel, a solo practitioner, was engrossed in preparing for and conducting a month-long jury trial, immediately followed by an emergency trip overseas. This Court found nearly identical circumstances excusable in *Bateman v. U.S. Postal Service*, 231 F.3d 1220 (9th Cir. 2000). Furthermore, the 34-day delay in seeking relief was reasonable, and there was no evidence of prejudice to Appellees or bad faith by Appellants' counsel.

**Third**, the underlying dismissal under Rule 41(b) was itself a profound abuse of discretion. This Court's precedent strictly limits the "harsh penalty" of dismissal to "extreme circumstances" and requires courts first provide a clear warning and attempt lesser sanctions. Here, the court did not.  A routine continuance order is not a "lesser sanction," and a single missed deadline at the case's outset does not constitute an "extreme circumstance."

**Fourth,** public policy weighs overwhelmingly in favor of reversal. The district court's rulings have extinguished substantial securities fraud claims based on a procedural misstep that was both temporary and excusable. This outcome contravenes to the fundamental principle that disputes should be resolved on their merits.

## VI. STANDARD OF REVIEW

A district court's dismissal of an action under Rule 41(b) is reviewed for abuse of discretion. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1129 (9th Cir. 2008). Likewise, denial of a Rule 60(b) motion is reviewed for abuse of discretion. However, whether the district court applied the correct legal standard is a question of law reviewed *de novo*. *Lal v. State*, 610 F.3d 518, 523 (9th Cir. 2010).

A court abuses its discretion if it "does not apply the correct law" or rests its decision on a "clearly erroneous finding of material fact." *Engleson v. Burlington N. R.R.*, 972 F.2d 1038, 1043 (9th Cir. 1992).

## VII. ARGUMENT

### A. The District Court Abused Its Discretion by Denying the Rule 60(b)(1) Motion Without Applying the Correct Legal Standard

The district court's denial of the Rule 60(b)(1) motion was premised on a fundamental legal error: it failed to apply the binding four-factor test established by the Supreme Court in *Pioneer* and adopted by this Circuit in *Briones*. This error alone warrants reversal.

### 1. <u>Failure to Apply the *Pioneer*/*Briones* Four-Factor Test Is Reversible Error Per Se</u>

Federal Rule 60(b)(1) allows a court to grant relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." The determination of "excusable neglect" is equitable, and this Court has mandated a specific analytical framework. A district court *must* consider and weigh four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395; *Briones*, 116 F.3d at 381.

This Court has repeatedly held that a district court's failure to conduct this four-part analysis constitutes abuse of discretion. In *Bateman v. U.S. Postal Service*, the

Court reversed denial of a Rule 60(b)(1) motion, stating, "The district court did not apply this test. This was an abuse of discretion." 231 F.3d at 1223-24. Similarly, in *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253 (9th Cir. 2010) the Court reversed denial of relief, holding that the district court "abused its discretion by failing to apply the four-factor equitable test" and instead "mechanically" applying a rigid rule. *Ahanchian*, id. at 1261

Here, the district court's minute order did precisely what *Bateman* and *Ahanchian* forbid. It made no mention of the four *Pioneer* factors. It did not analyze prejudice, the reason for delay, the length of delay, or good faith. [ER 3-6] Instead, it found the neglect  inexcusable and the delay  unreasonable in conclusory fashion, applying principles more suited to Rule 41(b) dismissal analysis.  [ER 5-6] This failure to apply the correct legal standard is *de novo* error requiring reversal.

## 2. <u>Proper Application of the *Pioneer* Factors Mandates Relief</u>

When the correct test is applied, Appellants clearly established excusable neglect and are entitled to relief.

### a. *The Reason for the Delay—A Month-Long Trial and a Family Emergency—Constitutes Excusable Neglect*

The reason for delay weighs heavily in Appellants' favor. Counsel, a solo practitioner, was engaged in an all-consuming civil jury trial from January 13 to

February 14, 2025.  [ER 38] This trial required intensive preparation during the holiday period when the Rule 26(f) report was originally due. Immediately upon the trial's conclusion, counsel was forced to travel to Egypt for a family emergency. [ER 38]

This Court's decision in *Bateman* is directly on point. In *Bateman*, counsel missed a deadline to oppose a summary judgment motion because he was in Thailand attending to a family emergency and settling his deceased father's affairs. He filed for Rule 60(b)(1) relief approximately one month after judgment was entered. This Court reversed the district court's denial of relief, finding the circumstances compelling and the neglect excusable. It held that being "out of the country... where he was handling a family emergency" was valid reason for delay. *Id.* at 1224.

The circumstances here are even more compelling than in *Bateman*. Counsel was not merely absent; he was actively litigating a different case when dismissal was entered, a professional obligation of the highest order. This was immediately followed by the same type of family emergency that this Court excused in *Bateman*. This is precisely the situation for which Rule 60(b)(1) was designed.

Even if one were to construe the reason for delay as attorney error in reading Rule 26 and the Court's scheduling order, and calendaring the deadline for the Rule 26(f) Joint Report, an attorney's careless error which could or should have been avoided by better calendaring or more careful reading may be excusable if other

11

factors militate in favor of relief. See, *Andrews v Pincay* 389 F.3d 853, 859 (9th Cir. 2004) (calendar error is not per se inexcusable; it is within a court's discretion to determine whether excusable neglect exists).

### b. Appellees Suffered No Prejudice from the Minimal Delay

The district court presumed prejudice where none existed. [ER 6] At the time of dismissal, the case was in its early stages. Discovery had not begun, no depositions were noticed, and no trial date was imminent. As Appellees' own counsel admitted, the parties had already conferred and identified most witnesses and documents. [ER 21] The only prejudice Appellees could claim is loss of an undeserved, windfall victory. [ER 22] This Court has flatly rejected that as basis for denying relief. *Bateman*, 231 F.3d at 1225 ("the prejudice to the [defendant] is minimal... Being required to defend a lawsuit on the merits, rather than win by default, is not prejudice.").

### c. The Length of Delay and Its Impact on Proceedings Were Minimal

The 34-day period between the dismissal order (January 31) and filing of the Rule 60(b)(1) motion (March 6) was entirely reasonable, especially given that their counsel was overseas dealing with a family emergency and need to get reoriented. In *Bateman*, this Court found a delay of "about a month" to be reasonable. 231 F.3d at

12

1224. In *Briones*, the Court noted that other courts have granted relief for much longer delays. 116 F.3d at 382.

Rule 60(b) places an outer limit of one year which was not close to being breached. In *Lemoge v. United States,* 587 F.3d 1188 (9th Cir. 2009) and *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) delays of seven and six months were deemed reasonable. Given that the case was at a standstill with no active deadlines, the impact of this brief delay on judicial proceedings was zero.

### d. Appellants' Counsel Acted in Good Faith

The district court completely ignored the good faith factor. There is no evidence in the record of bad faith. Counsel did not willfully defy a court order; he was overwhelmed by professional and personal obligations. [ER 38] Before his return and while overseas, he promptly filed a detailed motion explaining the circumstances. This demonstrates good faith, not a pattern of dilatory or vexatious conduct.

In *Lemoge v. United States*, 587 F.3d 1188, (9th Cir. 2009) the Ninth Circuit reversed a District Court's denial of a Rule 60(b)(1) motion for relief from a dismissal order because the court did not mention the *Pioneer/Briones* test and go through each of the four factors, omitting in particular any discussion of whether the movant acted in good faith. The Ninth Circuit found grounds for reversal based on this omission:

> We have recognized that when a district court does not address good faith when conducting the *Pioneer-Briones* analysis, it may result in an abuse of discretion. In *Laurino*, we reversed a district court's denial of Rule 60(b)(1) relief after noting that the district court did not apply the good-

13

faith factor. 279 F.3d at 753-54. We concluded that the district court erred because, among other things, "the district court made no finding of bad faith." Id. at 754. Similarly, it was error for the district court here not to make a finding as to good faith, one of only four factors detailed by the Supreme Court for analysis.

*Lemoge,* 587 F.3d at 1192

After reversing in *Lemoge,* the Ninth Circuit applied a straightforward assessment of the four part *Pioneer/Briones* test to the facts wherein the District Court had dismissed the action sua sponte based on plaintiff's failure to serve the summons and complaint within 120 days pursuant to Fed. R. Civ. P. 4(m) Plaintiff's counsel filed a Rule 60(b) motion stating that he was undergoing surgery and medical complications for a severe infection at the time. The Ninth Circuit ruled:

Turning to its application of the specific *Pioneer*-Briones factors, the district court in our view erred by concluding that the Lemoges did not establish excusable neglect sufficient for relief under Rule 60(b)(1). First, the government would not be prejudiced if the Lemoges were granted relief; instead, the Lemoges would suffer the "ultimate" prejudice absent relief because the statute of limitations on their claim has run. Second, the length of the delay was not unreasonable given the circumstances. Third, Caruana offered credible reasons for the delay. Fourth, there is no indication that Caruana or the Lemoges acted in bad faith.

*Lemoge,* 587 F.3d at 1198

A similar analysis applied to this case would yield a similar result. First, defendants would not be prejudice if Appellants were granted relief as the dismissal gave them a windfall victory and dismissal caused extreme prejudice to Appellants whose claims were extinguished with prejudice. Second, the length of delay,

14

consisting of the one month continuance of the scheduling conference and another month from entry of dismissal to filing the motion for relief, was reasonable considering the plaintiffs in *Lemoge* waited seven months, which the court of appeal considered reasonable. *Lemoge*, at 1197   Third, Appellants offered credible reasons for delay based on their counsel's engagement in a one month jury trial followed immediately by the need to leave for another country due to a family emergency. Fourth, there is no indication that Appellants or their counsel acted in bad faith.

The Ninth Circuit in *Lemoges* emphasized that the District Court should have considered the extreme prejudice to the plaintiff – the complete loss of their claim – given the expiration of the statute of limitations. *Lemoge* at 1195 Although the *Pioneer/Briones* test addresses only prejudice to the defendant, the Court emphasized that under an equitable analysis, there should be comparison of the prejudice to both plaintiffs and  defendants. Lemoge at 1196  Here, because a Rule 41(b) dismissal order is with prejudice, plaintiffs cannot re-file  and pursue their claims.  They suffered the extreme prejudice of total loss or extinction of their claim while defendants suffered minor delay of one to two months and deprivation of an unearned, windfall victory,

**B. The District Court Abused Its Discretion by Dismissing the Action Without Providing Notice or Considering Lesser Sanctions**

Even before the erroneous denial of Rule 60(b)(1) relief, the initial dismissal was a clear abuse of discretion violating bedrock principles of this Circuit's case law.

### 1. **Dismissal With Prejudice Is an Extreme Sanction Reserved for the Most Egregious Cases**

This Court has consistently held that dismissal with prejudice is a "harsh penalty" that should be imposed only in "extreme circumstances" involving "delay or contumacious conduct." *Thompson*, 782 F.2d at 831. Missing a single pre-discovery deadline by a matter of weeks, with no history of non-compliance, falls far short of this high standard.

### 2. **The District Court Failed to Provide Required Warning Before Dismissal**

A district court must, before dismissing a case for lack of prosecution, provide advance warning that dismissal is being considered. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). The court here gave no such warning. The January 6 minute order merely continued the conference and contained a boilerplate admonition to "review and comply" with the prior order. This was a routine case management order, not a warning that the "ultimate sanction" of dismissal was on the table.

### 3. **The Court Failed to First Impose or Even Consider Lesser Sanctions**

Dismissal is improper where "the district court had not attempted any sanctions less drastic than dismissal." *Ferdik*, 963 F.2d at 1261. The court here made no such

attempt. It did not issue an order to show cause. It did not impose a modest monetary fine on counsel. [ER 174; Dkt #43]  It did not warn that dismissal would follow if the report were not filed by a new, firm deadline. It jumped straight to the ultimate penalty for a first-time, minor procedural infraction. [ER 55-56]

### C. Strong Public Policy Favors Adjudication on the Merits

The district court's rulings contravene the "strong public policy favoring disposition of cases on their merits." *Ahanchian*, 624 F.3d at 1263.   The Federal Rules of Civil Procedure "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits."  *Ahanchian,* 624 F.3d at 1259; see also *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (the strong policy underlying the Federal Rules of Civil Procedure favors decisions on the merits).

Appellants have brought substantial claims alleging $406,000 fraud based on specific, material misrepresentations about nonexistent broadcast rights. [ER 71-87] These are precisely the kinds of serious claims the federal securities laws were enacted to remedy. To extinguish these claims permanently because of a solo practitioner's excusable, non-prejudicial, and temporary scheduling failure serves no purpose other than to reward Appellees for their alleged fraud.

### VIII. CONCLUSION

The district court committed clear abuse of discretion, first by dismissing this

17

action without required notice and consideration of lesser sanctions, and second by

denying Rule 60(b)(1) relief without applying the mandatory legal test. The record

establishes compelling reasons for counsel's neglect, lack of prejudice to Appellees,

and strong public interest in resolving this substantial fraud case on its merits.

For the foregoing reasons, Appellants respectfully request that this Court reverse the

district court's Order of Dismissal and its Order Denying the Motion to Set Aside

Dismissal, and remand the case for proceedings on the merits.


Respectfully submitted,

DATED: July 29, 2025


*/s/ Mario Iskander*
Mario Iskander
Justice Law Group
304 ½ Main Street
Newport Beach, CA 92661
Tel. (240) 439-1970
Email: mario@iskanderlaw.com
*Attorney for Plaintiffs-Appellants*
*Valor Systems, Inc. & Michael Mai*

## STATEMENT OF RELATED CASES

The undersigned, counsel of record for Appellants, is not aware of any related cases.

Dated: July 29, 2025                    Respectfully Submitted


By:    */s/ Mario Iskander*_____
       Mario Iskander, Attorney for
       Appellants

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,871 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated: July 29, 2025                    Respectfully Submitted

                                        By:    */s/ Mario Iskander*
                                               Mario Iskander, Attorney for
                                               Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2025, I electronically filed the foregoing APPELLANTS' OPENING BRIEF with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system, including:

Christopher Frost Esq. (SBN 200336)
chris@frostllp.com
Lawrence J.H. Liu, Esq. (SBN 312115)
lawrence@frostllp.com

FROST LLP
10960 Wilshire Boulevard, Suite 1260
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

*Attorneys for Defendants TransX Systems, Inc.; and Hung Tran*

Participants in the case who are not registered CM/ECF users will be served by U.S. Mail.


Dated: July 29, 2025                    Respectfully Submitted

                                  By:    */s/ Mario Iskander*
                                         Mario Iskander, Attorney for
                                         Appellants