**No. 25-4164**

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

VALOR SYSTEMS, INC., MICHAEL MAI,

*Plaintiffs-Appellants,*

v.

TRANSX SYSTEMS, INC., HUNG TRAN,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Central District of California
Case No. 5:24-cv-00354-JGB-SHK
The Honorable Jesus G. Bernal

# APPELLANTS' MOTION FOR LEAVE TO FILE CORRECTED OPENING BRIEF

Oral Argument: Friday, November 20, 2026, 9:30 a.m.
Courtroom 1, Pasadena

Mario Iskander (SBN 327025)
ISKANDER LAW
1111 N. Brand Blvd., Suite 308
Glendale, CA 91202
Tel. (240) 439-1970
Email: mario@iskanderlaw.com
Attorney for Plaintiffs-Appellants
Valor Systems, Inc. and Michael Mai

**TO: THE PRESIDING JUSTICE AND ASSOCIATE JUSTICES OF THE UNITED STATES COURT OF APPEAL, NINTH CIRCUIT**

## APPELLANTS' MOTION FOR LEAVE TO FILE CORRECTED OPENING BRIEF

Pursuant to Federal Rule of Appellate Procedure 27 and Ninth Circuit Rule 27-1, Plaintiffs-Appellants Valor Systems, Inc. and Michael Mai ("Appellants") respectfully move for leave to file the Corrected Appellants' Opening Brief submitted with this motion, in place of Appellants' Opening Brief filed July 29, 2025 (DktEntry 7) ("AOB"). This appeal is set for oral argument on Friday, November 20, 2026, at 9:30 a.m., in Courtroom 1, Pasadena.

In preparing for oral argument, undersigned counsel re-verified the case authorities cited in the AOB and identified errors in the brief, including quotations that do not appear in the cited opinions, incorrect pin cites and captions, propositions attributed to the wrong authority, and misstatements of the record. Undersigned counsel is responsible for the brief and regrets these errors.

The corrections are limited to those listed in Exhibit A to this motion, which identifies, by page of the AOB, the text as filed and the correction made. Where a quotation or citation is withdrawn, Exhibit A identifies the accurate language or the

authority on which Appellants rely instead. Exhibit A also lists the conforming changes to the cover, the Table of Authorities, the signature blocks, and the certificates. The Corrected Opening Brief adds no argument, and its pagination follows that of the AOB as closely as possible.

Appellants submitted a Notice of Errata to the AOB on November 18, 2026, which was docketed as a supplemental brief submitted for filing (DktEntry 29). Errata to briefs, however, are no longer accepted. According to the Appellate Practice Guide published on the Court's website (March 2026 ed.), ch. IX, a party that discovers errors in a filed brief must move for leave to file a replacement or corrected brief. Appellants therefore bring this motion and ask that the Corrected Opening Brief be accepted in place of the Notice of Errata. Exhibit A includes every correction listed in that notice, together with additional corrections to citations, quotations and case descriptions, typographical corrections, and conforming changes.

Granting leave will not prejudice Appellees. Appellees did not file an answering brief and are not represented by counsel in this appeal, so no filed brief responds to or cites the AOB. Undersigned counsel will be prepared to address the corrections at oral argument.

Undersigned counsel has not obtained Appellees' position on this motion.

For these reasons, Appellants respectfully request that the Court grant leave to file the Corrected Appellants' Opening Brief submitted with this motion.

Respectfully submitted,

**ISKANDER LAW**

Dated: November 19, 2026

/s/ Mario Iskander
Mario Iskander
Attorney for Plaintiffs-Appellants
Valor Systems, Inc. and Michael Mai

## CERTIFICATE OF COMPLIANCE

This motion complies with the length limit of Fed. R. App. P. 27(d)(2)(A) because it contains 412 words, excluding the parts exempted by Fed. R. App. P. 32(f). It complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface, 14-point Times New Roman, using Microsoft Word.

Dated: November 19, 2026

/s/ Mario Iskander
Mario Iskander

**No. 25-4164**

**EXHIBIT A**
**TO APPELLANTS' MOTION FOR LEAVE TO FILE CORRECTED OPENING BRIEF**

**CORRECTIONS MADE IN CORRECTED APPELLANTS' OPENING BRIEF**

Every difference between Appellants' Opening Brief filed July 29, 2025 (DktEntry 7) ("AOB") and the Corrected Appellants' Opening Brief is listed below. Page references are to the AOB's internal pagination.

| AOB Page | As Filed | Correction |
|---|---|---|
| **Cover** | Identifies the district judge as "The Honorable Jesse G. Bernal." | Should read "The Honorable Jesus G. Bernal." |
| **v, 11–12** | Cites "Andrews v Pincay, 389 F.3d 853 (9th Cir. 2004)." | The caption is *Pincay v. Andrews,* 389 F.3d 853 (9th Cir. 2004) (en banc). The relevant discussion is at 858–59. |
| **vi, 8** | Cites "Lal v. State, 610 F.3d 518 (9th Cir. 2010)." | The caption is *Lal v. California*, 610 F.3d 518 (9th Cir. 2010). |
| **v–vi** | Table of Authorities omits two authorities cited in the text. | Add: *Engleson v. Burlington Northern R.R. Co.,* 972 F.2d 1038 (9th Cir. 1992) (cited at AOB 8); *Laurino v. Syringa General Hospital,* 279 F.3d 750 (9th Cir. 2002) (cited at AOB 13–14). |
| **1** | States that counsel's jury trial "began just before the holidays and concluded in mid-February 2025." | The trial began January 13, 2025 and concluded February 14, 2025. ER 38. |

| | | |
|---|---|---|
| **1–2** | Quotes Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir. 1986), as describing dismissal as "the most severe penalty." | That phrase does not appear in Thompson and the quotation is withdrawn. Thompson states: "Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." 782 F.2d at 831. |
| **2** | Cites Casey v. Albertson's Inc., 362 F.3d 1254, 1259 (9th Cir. 2004). | The pin cite should be 1257. |
| **5** | States that the original complaint asserted a claim for breach of contract. | The original complaint asserted securities fraud, sale of unregistered securities, common-law fraud, and a RICO claim. The breach of contract claim was added by amendment. ER 45–46. |
| **8, 16, 17** | Describes the default as "a single missed deadline," "a single pre-discovery deadline," and a "first-time" infraction. | The dismissal order identifies two dates on which the same Joint Rule 26(f) Report was not filed: December 23, 2024, and, after the scheduling conference was continued, January 20, 2025. ER 55–56. |
| **8** | Quotes Engleson v. Burlington N. R.R., 972 F.2d 1038, 1043 (9th Cir. 1992), as referring to a "clearly erroneous finding of material fact." | The opinion reads "clearly erroneous finding of a material fact." The omitted word "a" is restored. |
| **9–10** | Quotes Bateman, 231 F.3d at 1223–24: "The district court did not apply this test. This was an abuse of discretion." | The quoted language does not appear in Bateman and the quotation is withdrawn. Bateman holds that the district court "abused its discretion by omitting the correct legal standard altogether." 231 F.3d at 1224. |
| **10** | Quotes Ahanchian v. Xenon | The quotation marks are withdrawn; |

| | | |
|---|---|---|
| | Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010), as holding that the district court "abused its discretion by failing to apply the four-factor equitable test" and applied a rule "mechanically." | the first phrase is a paraphrase and the word "mechanically" does not appear in the opinion. Ahanchian states that "a district court abuses its discretion by failing to engage in the four-factor Pioneer/Briones equitable balancing test." 624 F.3d at 1261. |
| **11** | States that in Bateman counsel "was in Thailand attending to a family emergency and settling his deceased father's affairs," and that the Court found the circumstances "compelling" and held that being "out of the country... where he was handling a family emergency" was a valid reason for delay. Cites id. at 1224. | Counsel in Bateman traveled to Lagos, Nigeria, for a family emergency; the opinion does not describe its nature. 231 F.3d at 1222–23. The quoted language does not appear in the opinion and is withdrawn. The Court stated that "[t]he reason for the delay is, admittedly, weak," but found no evidence of bad faith and directed that relief be granted. Id. at 1225. |
| **11** | States that counsel in Bateman "filed for Rule 60(b)(1) relief approximately one month after judgment was entered." | Counsel in Bateman filed the Rule 60(b)(1) motion "a little more than one month after the court denied his request to rescind the judgment." 231 F.3d at 1225. The sentence is corrected accordingly. |
| **12** | Quotes Bateman, 231 F.3d at 1225: "the prejudice to the [defendant] is minimal... Being required to defend a lawsuit on the merits, rather than win by default, is not prejudice." | The second sentence does not appear in Bateman and the quotation is withdrawn. Bateman states that "[t]he prejudice to the Postal Service was minimal," that it "would have lost a quick victory," and that "such prejudice is insufficient to justify denial of relief under Rule 60(b)(1)." 231 F.3d at 1224–25. |
| **12–13** | States that Bateman "found a delay of 'about a month' to be | The quotation marks are withdrawn. In Bateman, counsel filed the Rule 60(b)(1) motion "a little more than |

| | | |
|---|---|---|
| | reasonable. 231 F.3d at 1224." | one month after the court denied his request to rescind the judgment," and the Court held the delay was not long enough to justify denying relief. 231 F.3d at 1225. |
| **13** | States that in Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997), "the Court noted that other courts have granted relief for much longer delays." | This sentence is withdrawn. Briones does not discuss the length of delays at page 382. |
| **13** | States that in Lemoge v. United States, 587 F.3d 1188 (9th Cir. 2009), and Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984), "delays of seven and six months were deemed reasonable." | The delay in Falk was five months, not six, and the pin cite should be 462. The sentence now reads "seven and five months." |
| **13–14, 14** | Cites "Lemoge, 587 F.3d at 1192" and "Lemoge, 587 F.3d at 1198" for the two block quotations. | The quotations are accurate. The pin cites should be 1194 and 1195–96, respectively. |
| **16** | Quotes Thompson, 782 F.2d at 831, as describing dismissal as a "harsh penalty" reserved for "extreme circumstances" involving "delay or contumacious conduct." | "Delay or contumacious conduct" does not appear in Thompson and that quotation is withdrawn. The accurate language is quoted above (entry for AOB 1–2). Appellants note that Thompson affirmed the dismissal before it, where the plaintiff had been warned three times. 782 F.2d at 830, 832. |
| **16** | Cites Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992), for the proposition that a district court must provide advance warning before dismissing for lack of | The citation to Ferdik for this proposition is withdrawn. Ferdik affirmed a dismissal entered after express warnings. Appellants rely instead on Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992) ("The |

| | | |
|---|---|---|
| | prosecution. | district judge has an obligation to warn the plaintiff that dismissal is imminent.”). |
| **16** | Quotes Ferdik, 963 F.2d at 1261: dismissal is improper where “the district court had not attempted any sanctions less drastic than dismissal.” | That language does not appear in Ferdik and the quotation and citation are withdrawn. Ferdik states that the Court has never held explicit discussion of alternatives to be a requirement for upholding a dismissal. 963 F.2d at 1262. Appellants rely instead on Tolbert v. Leighton, 623 F.2d 585, 587 (9th Cir. 1980) (“before dismissing a case a district court must consider some of the less drastic alternative sanctions at its disposal”), and Oliva, 958 F.2d at 274. |
| **17** | Quotes Ahanchian, 624 F.3d at 1263, for “the ‘strong public policy favoring disposition of cases on their merits.’” | That language does not appear in Ahanchian and the quotation and pin cite are withdrawn. The proposition is supported by *Eitel v. McCool,* 782 F.2d 1470, 1472 (9th Cir. 1986) (“the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits”), cited on the same page of the AOB. |
| **17** | Attributes to Ahanchian, 624 F.3d at 1259, the statement that the Federal Rules of Civil Procedure “is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.” | The language appears at 1258–59, where Ahanchian quotes Rodgers v. Watt, 722 F.2d 456, 459. The pin cite is corrected to 1258–59, “(citation omitted)” is added, and “is” is moved outside the quotation marks (“are ‘to be liberally construed …’”). |
| **vi, 1, 5, 6, 8, 10,** | Typographical errors. | Corrected without change in meaning: “received a $406,000” to “received $406,000” (1); spaces |

| | | |
|---|---|---|
| **12–15** | | added after "[ER 123]" (5) and "[ER 51]" (6); "by detailed declaration" to "by a detailed declaration" (6); "contravenes to the" to "contravenes the" (8); period added after "Ahanchian, id. at 1261" (10); "need to get reoriented" to "needed to get reoriented" (12); stray comma deleted in "587 F.3d 1188, (9th Cir. 2009)" (13); period added after "Fed. R. Civ. P. 4(m)" and spacing corrected in "Lemoge,587" (14); "prejudice" to "prejudiced" (14); "Lemoges" to "Lemoge," periods added after "Lemoge, at 1197," "Lemoge at 1195" and "Lemoge at 1196," and the final comma of the paragraph changed to a period (15); "in passim" to "passim" (vi). |
| **Cover, ii–vi, 18, end matter** | Title, counsel block, dates, Table of Contents, Table of Authorities, word count and certificate of service as of July 29, 2025. | Conforming changes only: the brief is retitled "Corrected Appellants' Opening Brief"; counsel's firm name and address are updated to Iskander Law, 1111 N. Brand Blvd., Suite 308, Glendale, CA 91202, with State Bar number; signature dates are changed to November 19, 2026; six page references in the Table of Contents are corrected to match the pages on which the headings appear (VII and VII.A, 9; VII.A.2.b, 12; VII.A.2.d, 13; VII.B.1, 16; VII.C, 17); the Table of Authorities is conformed to the corrections above (Ferdik removed; Engleson, Laurino, Oliva and Tolbert added; captions and page references corrected); the certificate |

| | | |
|---|---|---|
| | | of compliance states the corrected word count (3,927; previously 3,871); and the certificate of service reflects service on Appellees, who are now unrepresented, by mail. |

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2026, I electronically filed the foregoing **APPELLANTS' MOTION FOR LEAVE TO FILE CORRECTED OPENING BRIEF** and its Exhibit A with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Appellate Case Management System (ACMS).

I further certify that Appellees are not represented by counsel. On the same date, I served the foregoing documents on Appellees by First-Class U.S. Mail, postage prepaid, addressed as follows, and sent a courtesy copy by email to Saigon.67@outlook.com:

Hung Tran
TransX Systems, Inc.
2035 South State Street
Chicago, IL 60616

Dated: November 19, 2026

/s/ Mario Iskander
Mario Iskander